FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 11 2018

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,
(Respondent)

v.

Criminal No.
1:12-CR-276-SCJ-2

Civil Action No:
1-18-CV-3010-SCJ-JKL

BONA ILONZO,
(Petitioner)

PETITIONER'S MOTION TO AMEND IN SUPPORT OF
PETITIONER'S PREVIOUS 2255 HABEAS COPRUS MOTION
NOW FILED WITH THE COURT DUE TO
NEWLY FILED CASE PRECEDENT DECIDED IN
THE SEVENTH CIRCUIT THAT DIRECTLY SPEAKS
TO PETITIONER'S CASE AT BARR.

---

NOW COMES, the Petitioner, Bona Ilonzo, pro se, and moves this Honorable Court to "Grant" Petitioner's Motion to Amend by adding this case precedent attached (Appx. #1) in support of Petitioner's now filed Memorandum of Law in Support of motion to Vacate, Set Aside, or Correct Conviction and Sentence Pursuant to 28 U.S.C. 2255. Petitioner seeks amendment to add newly decided case precedent for the following reasons;

1) Petitioner understands that normal procedure (Fed.R.Proc) is that Petitioner's cannot file amendments once the Government has filed its Response Brief pertaining to Petitioner's initial 2255 habeas corpus filing;

2) The Court has granted Petitioner extended time to file its supportive Memorandum of Law due to the fact that the Government responded to Petitioner's application filed, prior to Petitioner's request for time to file her Memorandum of Law in Suport of her Application; (1) in which is the appropriate case laws in support of a brief should be made and filed;

3) Petitioner was not aware of new case precedent in U.S. V. Mohsin,

1

(7th circuit)(2018)(attached) that supports Petitioner's exact claims stating "A defendant's plea agreement and improper enhancement under §2B1.1(b), for any awareness regarding or personal knowledge using and administering medication."

4) Petitioner states in one of her grounds that she was completely unaware of certain criminal activities being created by others and had no previous knowledge, however; the Court gave Petitioner an enhancement (illegal) which increased Petitioner's guidelines (2) (See Appx. #1);

5) Petitioner retrieved this newly filed case date October 17, 2018 from Shepard's signal bulletin after she sent in her Memorandum of Law in Support of her 2255 Habeas Corpus application;

6) Petitioner prays that the Court will not penalize Petitioner due to the Government's quick response when it comes to recent - newly decided cases that strongly support Petitioner's case directly;

WHEREFORE, Petitioner Bona Ilonzo, pro se, hereby respectfully requests this Honorable Court to "Grant" this Amendment request in support to add case precedent newly decided (7th Cir. 2018)(Mohsin) to Petitioner's newly filed Memorandum of law in Support of Motion to Vacate, Set Aside or Correct Conviction and Sentence pursuant to 28 USC 2255 Habeas Corpus filing, and for such other and further relief deemed proper and necessary in the interest of justice.

Dated:        2018

Respectfully Submitted,

Bona Ilonzo

---

Footnote (1): Federal 2255 applications for 2255 states that applicants cannot list any case laws on its application forms.

Footnote (2): (Melina), 136 S.Ct.1338, 1344 (2016) Individuals cannot be sentenced under the wrong guidelines

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion §2255 was mailed this _____ day of October, 2018 by first class mail, postage prepaid to AUSA Laurel R. Boatright at the Office of the US Attorney, 72 Ted Turner Dr. SW, Atlanta GA 30303.

Respectfully Submitted,

_____
Bona Ilonzo

## AFFIDAVIT

I hereby certify that the foregoing facts are true and correct to the best of my knowledge and belief upon pain and perjury under 28 USC §1746.

_____
Bona Ilonzo

No *Shepard's* Signal™
As of: October 17, 2018 2:32 PM Z

# United States v. Mohsin

United States Court of Appeals for the Seventh Circuit

September 20, 2018, Argued; September 25, 2018, Decided

Nos. 18-1275 and 18-1598

**Reporter**
2018 U.S. App. LEXIS 27369 *; __ F.3d __; 2018 WL 4577392

**UNITED STATES** OF AMERICA, Plaintiff-Appellee, v. RUBY MOHSIN and MOHAMMAD KHAN, Defendants-Appellants.

**Prior History:** [*1] Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. No. 1:15-cr-00217 — Charles R. Norgle, Judge.

## Case Summary

**Overview**
HOLDINGS: [1]-Neither defendant's plea agreement contemplated an enhancement under USSG § 2B1.1(b)(15)(A); [2]-*The* district court's primary reason for applying *the* enhancement to defendant A, her personal experience using and administering medication, did not support *the* conclusion that she had any awareness *the* synthetic marijuana products she sold posed a risk of death or serious bodily injury; [3]-*The* record similarly lacked sufficient evidence to support an enhancement for defendant B under § 2B1.1(b)(15)(A); [4]-It was not proper for *the* district court to find support for *the* enhancement on *the* basis that defendant B failed to learn *the* health risks of *the* products he sold.

**Outcome**
Vacated and remanded.

End of Document

(Appx #1)