**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| BONA ILONZO, | : | |
| Movant, | : | CRIMINAL ACTION NO. |
| | : | 1:12-CR-0276-SCJ-JKL |
| v. | : | |
| | : | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA, | : | 1:18-CV-3010-SCJ-JKL |
| Respondent. | : | |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

On March 18, 2014, Movant entered a negotiated plea of guilty to Count 1 of the second superseding indictment, which—as is discussed more fully below—charged Movant with conspiracy to illegally distribute and possess with intent to distribute various opiates. This Court imposed a sentence of 96 months of incarceration on June 14, 2017. Movant did not file an appeal.

Movant has now filed her timely motion to vacate pursuant to 28 U.S.C. § 2255. [Doc. 808, as amended, Doc. 822],[1] the Government has filed its response, [Doc. 819], and Movant has filed her reply memorandum, [Doc. 834]. The matter is now before the undersigned for a determination of the § 2255 motion on its merits. For the reasons set forth below, the undersigned recommends that the motion to vacate be **DENIED**.

---

[1] Movant has also filed an additional motion to amend, [Doc. 839], seeking that this Court consider the holding in a case from the Seventh Circuit, United States v. Mohsin, 904 F.3d 580 (7th Cir. 2018). This Court **GRANTS** the motion and has considered Moshin in determining that Movant is not entitled to relief.

AO 72A
(Rev.8/82)

## I. Background

As described by the Government at Movant's plea hearing, [see Doc. 816 at 26-30], Movant and her husband and codefendant owned[2] and operated a certain clinics that were pill mills—sham clinics that would illegally prescribe Oxycodone and other prescription pain pills in exchange for cash payments. Movant acted as the office manager, running the day-to-day business at one of the clinics in the Lakewood area of Atlanta, Georgia. Physicians—two of whom were also codefendants—wrote prescriptions for large quantities of Oxycodone and other controlled substances without a legitimate medical purpose and outside the course of professional practice and ignoring the obvious signs of addiction exhibited by the customers. The physicians prescribed high quantities of Oxycodone to more than 2,000 patients, some of whom were undercover agents. One of the physicians pre-signed hundreds of prescriptions that office staff (including Movant) later handed out to patients, despite the fact that no physician had examined those patients or even been present at the clinic. At the plea hearing Movant agreed that the government's description of her offense conduct was accurate, and that she was guilty as alleged in count one of the indictment. Id. at 30.

---

[2] Movant disputes that she actually held an ownership interest in the company that operated the clinic. Whether she did or not is generally immaterial.



AO 72A
(Rev.8/82)

In the plea agreement, Movant and the Government agreed to a sentence of 96 months. [Doc. 606-1]. However, and significant to the undersigned's analysis of Movant's claim, the calculations under the Sentencing Guidelines reached during the sentencing hearing indicated that Movant should receive a sentence of at least 210 months.[3] At that hearing, Judge Steve C. Jones voiced significant concern over imposing such a short sentence in light of the fact that he had just sentenced Movant's husband to 144 months. [See generally Doc. 817]. In response to those concerns, counsel for both Movant and the Government stated that, while it is clear that Movant knew what was going on at the clinic and that she exercised decision-making authority in the enterprise, Movant was less culpable than her husband because he had a much greater role in, and exerted much greater control over, the clinics. Id. at 18-19. Despite his apparent skepticism, Judge Jones accepted the plea deal and imposed the requested sentence. Id. at 27.

## II. Discussion

### A. The Standard for Relief Under § 2255

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2)

[3] Indeed, the initial presentence report calculated that Movant's sentence should be life under the Guidelines. [Doc. 817 at 4]. This Court also notes that Movant's crime carried a maximum sentence of twenty years.



AO 72A
(Rev.8/82)

the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. A sentence is otherwise subject to collateral attack when there is a fundamental defect that results in a complete miscarriage of justice. United States v. Addonizio, 442 U.S. 178, 185 (1979). Collateral relief, however, is limited. "Once [a] defendant's chance to appeal has been waived or exhausted, . . . [this Court is] entitled to presume he stands fairly and finally convicted," United States v. Frady, 456 U.S. 152, 164 (1982), and it is the movant's burden to establish his right to collateral relief, Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015).

An evidentiary hearing is not warranted in connection with a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); Fontaine v. United States, 411 U.S. 213, 215 (1973).

**B. Ineffective Assistance of Counsel**

As discussed below, all of Movant's grounds of relief raise various claims of ineffective assistance of trial and appellate counsel. The Sixth Amendment guarantees a defendant the effective assistance of counsel at "critical stages of a criminal proceeding," including when he enters a guilty plea. Lafler v. Cooper, 566 U.S. 156,



AO 72A
(Rev.8/82)

165 (2012). In order to establish a claim of ineffective assistance, Movant must demonstrate that his attorney rendered deficient performance, meaning that the attorney's performance fell below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In order to overcome the presumption that counsel rendered reasonable and adequate assistance, the defendant must establish that no competent counsel would have taken the action that his counsel took. See Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008). Movant must also demonstrate that his counsel's deficient performance was prejudicial. See Strickland, 466 U.S. at 691-92. The burden of establishing that counsel's deficient performance prejudiced the defense is a high one. Sullivan v. DeLoach, 459 F.3d 1097, 1109 (11th Cir. 2006); Robinson v. Moore, 300 F.3d 1320, 1343-44 (11th Cir. 2002). "Under the prejudice prong of Strickland, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Sullivan, 459 F.3d at 1109 (quoting Grayson v. Thompson, 257 F.3d 1194, 1225 (11th Cir. 2001)). Rather, to establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.



AO 72A
(Rev.8/82)

In evaluating a claim under Strickland, this Court may "dispose of the ineffectiveness claim on either of its two grounds." Atkins v. Singletary, 965 F.2d 952, 959 (11th Cir. 1992), cert. denied, 515 U.S. 1165, 115 S. Ct. 2624, 132 L. Ed. 2d 865 (1995); see Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffectiveness claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

**C. Discussion of Movant's Claims**

In her § 2255 motion, Movant claims that her trial counsel was ineffective for: (1) failing to interview witnesses, failing to review discovery, and otherwise being unprepared; (2) missing key appearances; (3) coercing Movant into pleading guilty; and (4) failing to obtain a minor role reduction for under §3B1.2 of the Sentencing Guidelines.[4]

**1. Ground One - Claim that Counsel was Unprepared**

---

[4] Ground Four of Movant's motion is entitled "Ineffective assistance of counsel." [Doc. 808 at 8]. However, in her discussion Movant asserts that "the district court erred in denying her minor role reduction . . . ." Id. As the Government points out, to the degree that Movant claims that this Court erred at sentencing, the claim is precluded by the knowing and voluntary waiver of appeal and collateral attack contained in her plea agreement. United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993). The claim is likewise procedurally barred. Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). In any event, as the discussion below demonstrates, the claim is unavailing because Movant's sentence clearly reflected her reduced role in the conspiracy.

In her first ground for relief, Movant makes the general allegation that trial counsel failed to properly investigate her case, but she entirely fails to point to what information or evidence that trial counsel purportedly missed that would have made any difference in her decision to plead guilty rather than proceeding to trial. In her reply brief, Movant claims for the first time that over time, she relinquished a great deal of control over the clinic to a woman named Annie Head and that Head committed the crimes for which she was convicted. Movant further alleges that the agents investigating the conspiracy somehow worked in concert with Head to make Movant appear guilty. According to Movant,

> Government agents broke down the "fire wall," obliterated quality control measures that protect legitimate medical practices from human errors. But in the case of [the company that owned the clinic], and for reasons yet to be determined agents used their government positions, and in cooperation with a flawed character destroyed a legitimate facility. Agents, agent handler and Annie hid what they were doing from Petitioner.

[Doc. 834 at 6].

The implication from Plaintiff's allegations is apparently that trial counsel missed this information because she failed to interview witnesses or review discovery. Movant further claims that her trial counsel was unprepared at her sentencing hearing as demonstrated by trial counsel's failure to knowledgeably respond to Judge Jones' questions.

This Court need not review matters raised for the first time in a reply brief. United States v. Levy, 379 F.3d 1241, 1244 (11th Cir. 2004). Moreover, the record clearly refutes Movant's claims. As found above, at her plea hearing Movant admitted that she committed the crimes described by the Government and that she was guilty as alleged in count one of the indictment. [Doc. 816 at 30]. In response to Movant's contention that her trial counsel failed to investigate the discovery materials provided by the Government and failed to interview witnesses, Movant stated at her plea hearing that she "had sufficient time to think about and discuss this matter fully" with her attorney and that she as satisfied with the job that her attorney had done in representing her. Id. at 19-20.

There is a strong presumption that statements made during a plea colloquy are true. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994); see United States v. Ross, 2005 WL 2185543, *2 (11th Cir. Sept.12, 2005) ("[T]he district court was within its authority to discredit any allegations that Ross' counsel was ineffective which were contrary to the statements he made under oath at the plea hearing"). Movant has not overcome the presumption that her statements under oath at the plea hearing were the result of ineffective assistance arising from counsel's failure to conduct adequate pretrial investigation or otherwise explain the ramifications of entering such guilty pleas. See generally United States v. Clayton, 2011 WL 5555821,



AO 72A
(Rev.8/82)

at *1 (11th Cir. Nov.15, 2011) (concluding that defendant received close assistance of counsel where, during plea colloquy, defendant "confirmed that he had discussed the charges, plea agreement, and guidelines with his lawyer, had been given adequate time to consult with his lawyer, and was satisfied with his lawyer's representation," and had not "overcome the strong presumption that statements made during the plea colloquy are true"); United States v. Price, 2005 WL 1600420, *2 (11th Cir. July 8, 2005) (no abuse of discretion in denying motion to withdraw guilty plea where plea hearing transcript "makes clear that the district court went through Price's rights with him, that Price understood those rights, that Price [had consulted with and] was satisfied with his counsel, and that—despite any factual disputes—Price persisted in pleading guilty").

The undersigned additionally notes that Movant fails to demonstrate that her trial counsel was ineffective for failing to discover the evidence regarding Annie Head and Head working in concert government agents to place blame on Movant for Head's crimes. To be clear, the undersigned does not credit Movant's rather fantastic allegations, but even if those allegations are true, Movant has failed to point to evidence to substantiate her claims, and she has failed to show how her trial counsel should have discovered the information regarding Head or improper actions by

investigators.[5] Movant has thus failed to demonstrate that she is entitled to relief with respect to the claims raised in her Ground One.

**2. Ground Two - Claim that Trial Counsel Missed Key Appearances**

According to Movant, trial counsel was not present when Movant met with prosecutors and instead sent another lawyer along to the meeting. Movant, however, has entirely failed present any argument that might tend to show that the presence of substitute counsel at that meeting caused her prejudice. Indeed, she has failed to even describe what matters were discussed at the meeting.[6] Accordingly, it is clear that Movant has failed to demonstrate that she is entitled to relief with respect to her Ground Two.

**3. Ground Three - Claim that Trial Counsel Coerced Movant**

---

[5] Movant is a Nigerian with permanent resident status in the United States. In her reply brief, Movant claims—again, for the first time—that trial counsel failed to properly inform her of the immigration consequences of her plea. However, it is clear that Movant was well aware of the possibility that she could be removed from the United States before she pleaded guilty. [Doc. 816 at 5].

[6] In her reply brief, Movant asserts in entirely conclusory terms that trial counsel "missed several court appearances" without identifying those appearances. A review of the record demonstrates that trial counsel appeared at all but one hearing before this Court. [Docs. 131, 198, 205, 217, 233, 347, 411, 606, 686]. The one hearing where trial counsel sent substitute counsel to represent Movant was the January 24, 2017, pretrial conference before Judge Jones. [Doc. 531]. Because Movant pled guilty, she cannot have been prejudiced by her trial counsel's absence from that conference.



AO 72A
(Rev.8/82)

In her Ground Three, Movant argues that her trial counsel coerced her to plead guilty by meeting with her husband. At the outset, the undersigned notes that there is nothing inherently improper about the fact that trial counsel met with Movant's husband, especially given the fact that Movant acknowledges that her trial counsel received authorization from her husband's counsel prior to the meeting. [Doc. 834 at 4].

Moreover, Movant has again failed to overcome the presumption that her sworn statements at the plea colloquy were true. At the plea hearing, Movant stated that no one had forced her to plea and that her plea was entered freely and voluntarily. [Doc. 816 at 8]. As noted above, she also stated that she was satisfied with her counsel's representation. See Bryan v. United States, 492 F.2d 775, 779-80 (5th Cir. 1974) (district court properly disregarded statements in affidavit that directly contradicted statements made at guilty plea hearing). Movant has thus failed to demonstrate that she is entitled to relief with respect to her Ground Three.[7]

---

[7] In her reply brief, Movant argues for the first time that, despite the fact that she is now indigent, trial counsel failed to prevent the Government from "saddl[ing her] and her husband with a $3 million debt under false narrative based on sterotype [sic] and animus of discrimination in violation of [Movant]'s 5th Amendment Equal Protection provision." No fine or restitution was imposed against Petitioner or her husband in relation to this action, and Movant does not explain the nature of this purported debt. The undersigned assumes that Movant refers to the money judgment that was a part of the forfeiture action. As Movant consented to the money judgment as a part of her plea agreement, and later consented to the order of forfeiture, it is clear



AO 72A
(Rev.8/82)

**4. Ground Four - Claim that Trial Counsel Failed to Obtain a Minor Role Reduction under U.S.S.G. § 3B1.2**

In her final claim, Movant contends that trial counsel erred in failing to secure a minor role reduction for her under § 3B1.2 of the Guidelines. As the discussion above demonstrates, this claim is clearly unavailing. Judge Jones calculated Movant's adjusted base offense level under the guidelines sentence to be a 37 with a criminal history category of one. Based on that calculation, Movant's guidelines range was 210-262 months. The Government, however, with Movant's strong support, advocated for a mere 96-month sentence, mostly based on the fact that Movant was not as culpable in the scheme as her husband. Because Judge Jones agreed to accept the agreement and depart so significantly from the guidelines sentence, Movant's trial counsel agreed to waive her objections to the guidelines calculation. It is thus clear that Movant's limited role in the scheme is reflected in the sentence as imposed. It is further clear that Movant has no basis to contend that she was prejudiced by her trial counsel's waiver of her objections to the guidelines calculations. At the time of the waiver, Judge Jones had already agreed to the significant downward departure.

**D. Certificate of Appealability**

---

that she has no viable claim in relation to it.



AO 72A
(Rev.8/82)

A § 2255 movant must obtain a certificate of appealability ("COA") before appealing the denial of a motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B). A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). A movant need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." Lamarca v. Sec'y, Dep't of Corr., 568 F.3d 929, 934 (11th Cir. 2009) (citing Miller-El v. Cockrell, 537 U.S. 322, 337, 342 (2003)). Although Slack involved an appeal from the denial of a 28 U.S.C. § 2254 petition, the same standard applies here. See Jones v. United States, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying Slack standard in § 2255 case). Based on the discussion above, the undersigned now finds that there is no reasonable argument that any of Movant's grounds has merit, and a COA should not issue in this matter.



AO 72A
(Rev.8/82)

## III. Conclusion

Based on the foregoing, the undersigned concludes that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Accordingly, Movant is not entitled to an evidentiary hearing, and her motion for reconsideration of this Court's earlier determination that she is not entitled to a hearing, [Doc. 840], is **DENIED**.

Movant's motion to amend, [Doc. 839], is **GRANTED**.

**IT IS RECOMMENDED** that Movant's 28 U.S.C. § 2255 motion to vacate her convictions and sentences, [Doc. 808, as amended, Doc. 822], be **DENIED** and that Movant be **DENIED** a certificate of appealability.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO ORDERED AND RECOMMENDED ,** this 19th day of June, 2019.

JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE



AO 72A
(Rev.8/82)